IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL MESGHENA NEGASH,
aka SAMUEL MESGINA NEGASH,

       Petitioner,

  v.

STEVE FRANKE, Superintendent,
Two Rivers Correctional Institution,

       Respondent.

Civil No. 2:14-cv-00106-BR

OPINION AND ORDER

    THOMAS J. HESTER
    Assistant Federal Public Defender
    101 SW Main Street
    Suite 1700
    Portland, OR  97204

       Attorney for Petitioner

    ELLEN F. ROSENBLUM
    Attorney General
    KRISTEN E. BOYD
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

       Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED.

## BACKGROUND

On January 26, 2006, a Multnomah County grand jury indicted Petitioner on 62 sex offense counts, including one count of Rape in the First Degree, twelve counts of Sodomy in the Third Degree, and fifty-nine counts of Sexual Abuse in the Third Degree. Resp. Exh. 102. All of the charges involved the same victim, who is the daughter of Petitioner's cousin. The indictment alleged conduct spanning from the time the victim was 14 years old (and recently arrived from Ethiopia) until she was 17.

The case was tried to a jury. The trial court granted the state's motion to dismiss 30 counts, and subsequently granted Petitioner's motion for a judgment of acquittal on seven additional counts. Ultimately, a jury found Petitioner not guilty on one count, and guilty as charged on the remaining 24 counts, including the single count of Rape in the First Degree. The trial judge sentenced Petitioner to 138 months of imprisonment, to be followed by 20 years of post-prison supervision.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court

denied review. *State v. Negash*, 230 Or. App. 248, 214 P.3d 853, *rev. denied*, 347 Or. 365, 222 P.3d 1091 (2009). Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Resp. Exh. 156. Petitioner appealed, but again the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Negash v. Franke*, 258 Or. App. 907, 313 P.3d 1148, *rev. denied*, 354 Or. 597, 318 P.3d 749 (2013).

Petitioner then filed his Petition for Writ of Habeas Corpus in this Court and alleged three claims for relief: (1) trial counsel was ineffective for failing to obtain and present alibi evidence in the form of Petitioner's work records; (2) the trial court erred in denying Petitioner's motion to strike the testimony of an adverse witness on the basis that the court interpreter did not accurately translate her testimony; and (3) the trial court erred in admitting a tape-recording of prior testimony from an unavailable witness. Respondent acknowledges that Petitioner exhausted his state remedies as to all three claims, but Respondent contends that the state court decisions denying relief were not contrary to nor an unreasonable application of clearly established federal law.

## **LEGAL STANDARDS**

An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

3 - OPINION AND ORDER -

(1) "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is an "unreasonable application" of clearly-established federal law if the court: (1) identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend the governing legal principle or unreasonably extends it to a new context where it should not apply. *Williams v. Taylor*, 529 U.S. 362, 407, 413 (2000). Under this standard of review, a federal court may not issue a writ of habeas corpus because it concludes the state court applied clearly-established federal law erroneously or incorrectly. Instead, the state court decision must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley v. Cullen*, 633

4 - OPINION AND ORDER -

F.3d 852, 860 (9th Cir. 2011); *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. The habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The Supreme Court has described the correct analysis as follows:

> [A] habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision, and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Cullen v. Pinholster*, 563 U.S. 170, 188 (2011) (citing *Richter*, 562 U.S. at 101).

## DISCUSSION

### I.   Ground One - Ineffective Assistance of Counsel

In Ground One, Petitioner alleges his trial counsel was ineffective in failing to obtain and submit as evidence his work records to establish an alibi against the Rape charge. In particular, Petitioner contends that his work records would have supported a finding that he could not have been at his apartment complex at the date and time that the victim testified he raped her.

5 - OPINION AND ORDER -

A claim of ineffective assistance of counsel requires the petitioner to prove that counsel performed deficiently and that the petitioner suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987). If there is a failure of proof on either prong, habeas relief is not warranted. *Murray v. Schriro*, 746 F.3d 418, 457 (9th Cir. 2014). When reviewing a state prisoner's habeas claim of ineffective assistance, federal courts must apply a doubly deferential standard of review taking into account the strong presumption of competence under *Strickland*, and the deferential standard of review under 28 U.S.C. § 2254(d). *Pinholster*, 563 U.S. at 190.

To show counsel performed deficiently, a petitioner must establish that his counsel's representation fell outside the wide range of professionally competent assistance. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012); *Strickland*, 466 U.S. at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Pinholster*, 563 U.S. at 189.

In order to establish prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Lafler*, 132 S. Ct. at 1384; *Harrington*, 562 U.S. at 112. A reasonable probability is a probability sufficient to undermine

confidence in the outcome of the proceeding. *Strickland*, 466 U.S. at 694.

The indictment against Petitioner alleged one count of Rape in the First Degree, as follows:

> The said Defendant(s), SAMUEL MESGHENA NEGASH, on or about February 27, 2005, in the County of Multnomah, State of Oregon, did unlawfully and knowingly, by forcible compulsion, engage in sexual intercourse with [the victim], contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

Resp. Exh. 102, p. 1. This was the only count in the indictment that specified a date, as all of the other counts alleged the various crimes occurred "on or between September 11, 2001, and February 27, 2005." Resp. Exh. 102.

The victim originally told the investigating officer that she believed the rape occurred on February 27, 2005. Tr. at 326. At trial, the victim testified that on the day of the rape, she took the bus from school to Petitioner's apartment complex to speak with a tax preparer[1], and that Petitioner did not arrive at the apartment until after work. Tr. at 218-19, 233. In fact, February 27, 2005, was a Sunday, so the victim's testimony was not consistent with the date she originally reported that the rape occurred. In closing argument, Petitioner's trial counsel

---

[1]The tax preparer testified that while she knew Petitioner and had prepared taxes for the victim's mother, she did not meet with the victim on that or any other day. Tr. at 470-86.

7 - OPINION AND ORDER -

emphasized this discrepancy, characterizing the victim's account of the rape as "a total fabrication" because of the inconsistencies between what she told the investigating officer and what she testified to, and between her account and the tax preparer witness's denial that they met. Tr. at 739-42. The jury nonetheless convicted Petitioner.

In his state PCR proceeding, Petitioner submitted a letter from his employer stating that between July 2004 and February 2006, Petitioner worked as a Nurse's Aid on weekdays from 11:00 a.m. to 6:00 p.m. Resp. Exh. 125. Petitioner argues that his trial attorney was ineffective in failing to obtain and use this evidence at trial because it would have corroborated the tax preparer's testimony and undermined the victim's credibility.

The PCR trial judge rejected Petitioner's argument. The PCR trial judge did not explain his decision other that to state in a General Judgment that Petitioner's trial attorney "made strategic decisions that were competent and reasonable," and the judge found "[n]o inadequacy by attorney, no prejudice." Resp. Exh. 156, p. 2. As noted, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. In the absence of a reasoned decision, this Court must determine what arguments or theories could have supported the state court's decision, and then, pursuant to *Strickland* the Court must ask whether it is possible

8 - OPINION AND ORDER -

fairminded jurists could disagree that those arguments or theories are inconsistent.

As discussed by Respondent on appeal from the denial of the state PCR petition, Petitioner's work schedule did not provide an alibi for two separate reasons. First, the work schedule did not establish that Petitioner could not have committed the rape on the day and time alleged by the victim. The victim initially reported the rape occurred on a Sunday, which was not Petitioner's regularly scheduled work day. Second, an alibi for any given day would not have been effective given that the state charged Petitioner with committing the rape "on or about February 27, 2005."

At trial, the victim testified that she did not remember the specific date of the rape, only that it happened after she took the bus from school to Petitioner's apartment complex. Tr. at 230-42. At a previous restraining order hearing, the victim testified that she was unsure of the date, but that she took a bus to the apartment complex and that Petitioner was at work when she first arrived, and raped her after he came home from work. Thus, even given the victim's differing account at trial as to the date he raped her, Petitioner's work schedule would not necessarily have been exculpatory because it would not have precluded the possibility that he met the victim after work.

Moreover, the state charged Petitioner with raping the victim "on or about February 27, 2005," but also charged Petitioner with

9 - OPINION AND ORDER -

61 other sex offenses which were not pinned to a particular date. In the PCR proceeding, the state presented an affidavit from Petitioner's trial counsel explaining that alibi defenses are generally ineffective in cases in which multiple sex offenses are charged as occurring "on or about" a specific date:

> [T]his was an indictment alleging multiple charges. The complainant was unable to specify exact times that many of these crimes occurred. In a case such as this, if a person can show that they were at work on one out of twenty alleged occasions, all the complainant need to do to correct that is to say that she made a mistake about the exact date of the occurrence. Then by virtue of the "on or about" or "on or between" language, the alibi becomes irrelevant.

Resp. Exh. 146, pp. 3-4.

Finally, in closing arguments counsel focused on the victim's inconsistent statements about when the rape occurred, as well as the testimony of the neutral tax preparer to refute the victim's claim that she went to her for tax assistance on the day of the rape. In light of all of the evidence, it was objectively reasonable and within the bounds of constitutional adequacy for counsel not to present an alibi defense because Petitioner's work schedule did not establish a persuasive alibi.

Accordingly, the state PCR court's decision rejecting Petitioner's ineffective assistance of counsel claim was not contrary to or an unreasonable application of *Strickland*. Petitioner has not established that the denial of this claim was "so lacking in justification that there was an error well

10 - OPINION AND ORDER -

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87. Accordingly, Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel alleged in Ground One.

## II. Grounds Two and Three - Confrontation Clause

In Ground Two, Petitioner alleges that the trial court erred in failing to strike the testimony of the victim's mother when Petitioner asserted the interpretation of her testimony was inaccurate. Petitioner contends that, because of such interpretation errors, he was denied the right to confront an adverse witness as guaranteed by the Sixth and Fourteenth Amendments. In Ground Three, Petitioner alleges his Confrontation Clause rights were violated when the trial judge admitted testimony at trial given by a witness at a prior restraining order hearing.

The Confrontation Clause of the Sixth Amendment to the United States Constitution grants a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. "The 'main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.'" *Fenenbock v. Director of Corrections for California*, 692 F.3d 910, 919 (9th Cir. 2012) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986)). However, "[t]he Confrontation Clause guarantees only 'an

11 - OPINION AND ORDER -

*opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent the defense might wish." *United States v. Owen*, 484 U.S. 554, 559 (1988) (emphasis in original; internal citations and quotation marks omitted).

A Confrontation Clause violation is harmless, and so does not justify habeas corpus relief, "unless it 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Ocampo v. Vail*, 649 F.3d 1098, 1114 (9th Cir. 2011) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)) (footnote and additional citations omitted). In general, the inquiry into whether the constitutionally erroneous introduction of a piece of evidence had a substantial and injurious effect is guided by five factors: "the importance of the testimony, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony, the extent of cross-examination permitted, and the overall strength of the prosecution's case." *Whelchel v. Washington*, 232 F.3d 1197, 1206 (9th Cir. 2000) (citing *Van Arsdall*, 475 at 684).

### A. Ground Two - Inadequate Interpretation of Witness Testimony

Petitioner contends the trial judge violated Petitioner's rights under the Confrontation Clause by allowing the testimony of the victim's mother, which Petitioner contends was incorrectly translated by the interpreter. Specifically, Petitioner contends the interpreter's language skills were inadequate to interpret all that the witness said.

"While the general standard for interpreters requires continuous word for word translation, occasional lapses in the standard will not necessarily contravene a defendant's constitutional rights." *United States v. Long*, 301 F.3d 1095, 1105 (9th Cir. 2002) (citation omitted). Moreover, "[e]ven if a trial court's limitation upon cross-examination amounts to constitutional error, a habeas petitioner is not entitled to relief unless such error had a 'substantial and injurious effect' upon the verdict." *Park v. Yates*, Case No. CV 05-3957ODW(JC), 2010 WL 5670788, at *8 (C.D. Cal. March 23, 2010) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (additional citations omitted), *report and recommendation adopted by* 2011 WL 318880 (C.D. Cal., Jan. 25, 2011).

At trial, Petitioner asserted that the interpreter's translation of the victim's mother's testimony was inaccurate and incomplete. However, when the trial judge questioned the

13 - OPINION AND ORDER -

interpreter about the translation, the interpreter testified that he translated the testimony to the best of his ability, and that he did not change the meaning of anything the witness said. Tr. 278. The interpreter further testified that he "told [the witness] everything that she'd been asked" and told the jury "in English everything that she said." Tr. 278.

In the face of Petitioner's argument that the translation was nonetheless inaccurate, the trial judge noted in speaking to Petitioner that the witness's testimony "had very little to do with what [the victim] testified you did." Tr. at 529. The judge found the testimony really established that "[the witness] wasn't aware of any difficulty . . . she didn't see her daughter trying to pull away from you. She didn't see any bad effects on her daughter's personality because of this alleged thing." Tr. at 529.

The witness's testimony did not provide much in substance and, after allowing Petitioner to explain ways in which the interpretation was inadequate or inexact, the trial judge reasonably concluded that Petitioner was not denied the right to confront the witness and that he was not prejudiced. The Court concludes this was not contrary to or an unreasonable application of clearly established federal law.

Accordingly, Petitioner is not entitled to habeas corpus relief on this claim.

### B.  Ground Three - Introduction of Testimony from Prior Restraining Order hearing

In Ground Three, Petitioner raises a second Confrontation Clause challenge, this time against the introduction of testimony at trial from a restraining order hearing involving the victim and Petitioner. Prior to entry of the indictment against Petitioner, the victim sought a restraining order against him. At the restraining order hearing, a family friend of the victim appeared and testified. At the time of criminal trial, however, the witness was not available to testify. The prosecution moved to introduce a recording of the witness's testimony from the restraining order hearing, which the trial judge allowed over Petitioner's objection. Petitioner contends that admission of the testimony violated his sixth amendment Confrontation Clause rights under the rule established by *Crawford v. Washington*, 541 U.S. 36 (2004).

In *Crawford*, the Supreme Court held that, before testimonial hearsay evidence may be admitted, the Sixth Amendment "demands what the common law required," which is unavailability and a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 68. The witness statements at issue here are testimonial under *Crawford*, as they were offered at the restraining order hearing. Moreover, the parties do not dispute that the witness was unavailable at trial.[2]

---

[2] At the time of the criminal trial, the witness lived byond the state court's jurisdiction in Toronto, Canada. Tr. at 412. Despite the prosecution buying him an airline ticket to travel for

15 - OPINION AND ORDER -

Accordingly, the only remaining questions are whether Petitioner had a meaningful opportunity to cross-examine the witness and, if not, whether any error in allowing the testimony had a substantial and injurious effect or influence.

Petitioner was present and represented by counsel at the restraining order hearing, and his attorney questioned the witness under oath. Resp. Exhs. 105, p. 26; 121, p. 1.[3] Petitioner argues, nonetheless, that the restraining order hearing was a "much less serious proceeding," and that much of the testimony in that proceeding was itself full of inadmissible hearsay that tended to corroborate the victim's accusations.

Petitioner does not cite, and this Court could not locate, any authority for the proposition that an accused must be afforded another chance to cross-examine a witness on the basis that the prior "testimony" was given in a proceeding that lacked equivalent seriousness of a criminal trial. To the contrary, courts have allowed the introduction of prior testimony under *Crawford* when the

---

travel, the witness ultimately concluded that he could not attend the trial because he was caring for his wheelchair-bound father and because he was not able to obtain permission to be absent from work. Tr. at 412.

[3]Respondent's brief on direct appeal from Petitioner's conviction states that the full transcript submitted by Petitioner at trial reflected that Petitioner's attorney called the witness in question to testify at the restraining order hearing. Resp. Exh. 105, p. 26 (citing Defendant's Exhibits 102 and 103, p. 34). The full transcript is not before this Court, however, as Petitioner submitted a truncated version in his state PCR proceeding.

16 - OPINION AND ORDER -

original testimony was offered under just such circumstances. *See, e.g., Beard v. Grounds*, Case No. 1:09-cv-01750-BAM(HC), 2011 WL 5508921, at *8 (E.D. Cal. Nov. 9, 2011) (no Confrontation Clause violation where Petitioner was afforded opportunity to cross-examine witness at preliminary hearing, despite witness's feigned forgetfulness); *Cogswell v. Beard*, Case No. 11CV1559-MMA(WVG), 2014 WL 2116481, at *2 (S.D. Cal. May 21, 2014) (testimony from preliminary hearing of unavailable witness admitted at trial despite Petitioner's argument that a preliminary hearing is a much less searching exploration into the merits of a case then trial), *aff'd by* 648 Fed. App'x 624 (9th Cir. 2016); *United States v. Paling*, 580 Fed. App'x 144 (3rd Cir. 2014) (admission of deposition testimony of witness, who was unavailable to testify in defendant's criminal trial, from prior civil trial against defendant did not violate defendant's confrontation rights where defendant's motive in developing witness's testimony at civil deposition was sufficiently similar to the motive she would have had if the testimony was presented at the criminal trial).

Even if Petitioner had not been present at the restraining order hearing and had not had the opportunity to cross-examine the witness, however, Petitioner would still be required to establish that introduction of the evidence had a substantial and injurious effect on the jury's verdict under the *Brecht* "harmless error"

17 - OPINION AND ORDER -

standard as applied with the *Van Arsdall* factors. *Brecht*, 507 U.S. at 623; *Van Arsdall*, 475 U.S. at 673. Here, the witness testimony at issue was cumulative as it merely echoed the testimony already provided by the victim. The testimony did not further either the prosecution or the defense case, and compared to other evidence against Petitioner by the victim was of minimal importance. In particular, the witness could provide no information about whether the abuse by Petitioner against the victim had actually occurred. Finally, Petitioner had no less opportunity than the prosecution to examine the witness. In light of the other evidence presented by the prosecution against Petitioner, Petitioner's confrontation rights were not violated by introduction of the testimony from the restraining order, as any error in introducing that testimony was harmless. Accordingly, Petitioner is not entitled to habeas corpus relief on the claim alleged in Ground Three.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 2) and DISMISSES this action. The Court

DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

DATED this 12th day of December, 2016.

*[signature]*

ANNA J. BROWN
United States District Judge

19 - OPINION AND ORDER -